Dear Mr. Theriot:
You advise this office that you hold full-time and unclassified employment with the University of Louisiana at Lafayette as Assistant Vice President of Business and Financial Affairs. You ask this office to advise if the provisions of the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., prohibit you from holding at the same time the local elective office of mayor for the Village of Maurice.
In a dual officeholding analysis, the positions proposed to be held must first be categorized under the dual officeholding definitions provided in La.R.S. 42:62. Here, a university employee holds employment in the executive branch of state government, while the mayor of a municipality holds local elective office.[1] This particular combination of positions is prohibited by La.R.S. 42:63(D), which states, in pertinent part: *Page 2 
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state . . . [Emphasis added].
As noted, La.R.S. 42:63(D) prohibits you from holding local elective office while employed with the university, as the later position is considered "employment in the government of this state" under the statute. However, you advise this office that you intend to run for mayor in a municipality which has a population of less than six thousand five hundred. This additional fact makes La.R.S. 42:66(N) applicable; the statute provides, in pertinent part:
N. Nothing in this Part shall be construed to prohibit a person holding employment in the government of the state from holding at the same time an elective office in the government of a municipality of this state with a population of less than six thousand five hundred according to the 1990 federal decennial census . . .
The Village of Maurice had a population of 642 according to the 2000 federal decennial census, and a population of 432 according to the 1990 federal decennial census. See www.census.gov. Because the Village of Maurice is a municipality with a population of less than six thousand five hundred, it is the opinion of this office that La.R.S. 42:66(N) exempts you from the prohibition of La.R.S. 42:63(D), which would otherwise prevent you from holding local elective office and state employment with the university. In other words, because La.R.S. 42:66(N) applies, it is the opinion of this office that the dual officeholding law would not prohibit you from holding at the same time employment with the university and the office of mayor, should you be successful in your campaign effort.
In La. Atty. Gen. Op. 10-0149, this office concluded that La.R.S. 42:63(D) prohibits the holding of both full-time state employment and elective office in a political subdivision of this state. The legal analysis and the conclusion reached in La. Atty. Gen. Op. 10-0149 are correct as a matter of law. However, our conclusion here differs from the result reached in Opinion 10-0149, based upon additional factual information provided this office relative to the population of the Village of Maurice.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62(1), (3), and (6) provide, in pertinent part:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 *****
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 *****
(6) The executive branch of state government includes the following named offices and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely . . . the Board of Trustees for State Colleges and Universities . . . The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial or local in nature or operation.